UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G. NICOLE HARRISON<br>10723 Hampton Mill TR.<br>Rockville, Maryland, 20852<br>Montgomery County<br><br>PLAINTIFF,<br><br>vs.<br><br>MARGARET M. SPELLINGS, Secretary<br>United States Department of Education<br>830 First St., N.E. Washington, DC<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Preliminary Statement

1. The instant suit is brought by G. Nicole Harrison ("**Plaintiff**") pursuant to Title VII of the Civil Rights Act of 1964 to redress the discrimination she has suffered on the basis of race, sex, and/or retaliation arising from the actions of Defendant, Margaret Spellings, Secretary United States Department of Education ("**Defendant**").

2. Plaintiff also brings this action for injunctive relief and monetary damages resulting from Defendant's willful and intentional violations of the Federal Privacy Act, 5 U.S.C. § 552a, which had and continue to have adverse effects on Plaintiff.

## Jurisdiction and Venue

3. The first action arises under Title VII of the Civil Rights Act of 1964, as amended 1990, 42 USC Sec. 1981, 1983, 1985, and 1986 *et seq.* The second action arises under the Federal Privacy Act, 5 U.S.C. § 552a.

4. These actions has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a (g) (1).

5. All of the necessary administrative prerequisites for filing the race, sex and retaliation claims have been met, as the Plaintiff has timely filed formal Complaints of discrimination with her federal employer, Department of Education on or about July 11, 2006. Plaintiff also requested that incidents of retaliation that occurred after she filed her EEO complaint to be added to the accepted issues that were to be investigated by the investigator.

6. The Defendant did not issue a final decision on this complaint within 180 calendar days and the Plaintiff is now entitled to file a civil action based on 29 C.F.R. § 1614.408.

## Parties

7. Plaintiff is an African-American female citizen of Maryland residing at Rockville, Maryland, who has engaged in protected EEO activity. At the time of the events giving rise to this case, and at all times relevant, Plaintiff was employed by Defendant, which maintains offices in the District of Columbia.

8. Upon information and belief, Defendant is a federal agency and has offices located at 830 First Street, N.E. Washington, DC 20002-8019.

9. At all times relevant to this case, Defendant has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

## Factual Background

10. The Plaintiff has been employed at all relevant times with the Agency as a Management & Program Analyst, GS-343-13.

11. On or about October 28, 2002 Plaintiff filed an EEO complaint against the Defendant. This EEO complaint alleged that Plaintiff was discriminated against on the bases of her race/color and reprisal.

12. On or about September 24, 2003 the Defendant issued a final decision denying Plaintiff's initial EEO complaint and informed her of the right to appeal the Defendant's decision by filing a civil action in federal court.

13. On or about December 10, 2003 Plaintiff filed a complaint in federal court, civil action No. 03-2514 (PLF/DAR) (U.S.D.C) based on Title VII.

14. After filing the initial EEO complaint Defendant began to retaliate against the Plaintiff.

15. On or about July 14, 2003 the Plaintiff was discharged from her budget duties and was assigned physical security duties.

16. Plaintiff did not have the required Office of Personnel Management security certification as well as security knowledge and experience to perform physical security duties.

17. For over three years, Plaintiff repeatedly requested to have the physical security duties reassigned to someone with security experience with no success. Defendant told Plaintiff that she would have to continue performing the security duties.

18. Plaintiff informed Defendant that Homeland Security had told her that she should not be performing the physical security duties without the security certification, experience and knowledge. However, Defendant continued to tell the Plaintiff that she had to perform the physical security duties.

19. Even after Defendant met with Homeland Security staff and was told that Plaintiff should not be performing the physical security duties without OPM physical security certification knowledge and experience, Defendant continued to tell Plaintiff that she had to perform physical security duties.

20. While performing physical security duties Plaintiff suffered severe gastrointestinal problems because Plaintiff was constantly afraid to make the wrong security decisions that would affect the lives of over 1100 employees assigned to the Defendant's office.

21. On or about February 3, 2006 Mr. Andrade approached Plaintiff's desk several times in order to know if she was going to attend the workforce support service meeting. Mr. Andrade let Plaintiff know that she had no choice but to attend this meeting. At the same time Mr. Andrade also approached Plaintiff in the hallway and asked her if she had enough boxes to pack her things from her desk even though there was no need for the Plaintiff to clean out her desk.

22. On or about March 7, 2006 Mr. Reynolds yelled at the Plaintiff after she tried to get from him clarification on how to get supplies from a lock supply cabinet. Before going into Mr. Reynolds's office, he yelled at the Plaintiff and said that if Plaintiff did not like what he said she can file a grievance. In addition, Mr. Reynolds asked the Plaintiff to leave his office and slammed his office door once Plaintiff came to his office to inquire why he yelled at her.

23. Defendant was aware of these hostile activities carried out by its employee and did not act in a prompt or appropriate manner to end the hostile work environment.

24. On or about February 23, 2006 Ms. O'Brien called Plaintiff into her office because of a complaint she had received regarding Plaintiff's security action even though this action was seemingly part of Plaintiff's scope of duties that had not been defined by the Defendant. This complaint was resulted in a letter of counseling from Mr. Washington on March 10, 2006.

25. Plaintiff requested several times to define the scope of her physical security duties, however Defendant denied those requests.

26. On or about April 6, 2006 the Plaintiff got a letter from Defendant. The letter notified the plaintiff that she would be demoted and/or removed from federal service if she did not complete security paperwork for higher security clearance.

27. On or about April 7, 2006 the Plaintiff submitted seven years of personal data via OPM computerized security program and as directed by Mr. Washington, Plaintiff' supervisor, gave a hard copy to the Federal Student Aid Human Resources office in order to receive the requested higher security clearance.

28. Plaintiff did so even though the Defendant's security office only requested enough personal data for a Limited Background Investigation, which does not require 7 years of personal data.

29. Plaintiff had to have a higher security clearance because Federal Student Aid Human Resources wrongfully informed the security office that Plaintiff was a security specialist.

30. After submitting the seven years of personal data for a higher security clearance, Plaintiff found out that she did not have to submit a copy of her resume as well as form (OF) 306 to get a higher security clearance.

31. John Mondragon, director of FSA Human Resources and Mark Washington, Plaintiff's supervisor, added these document requests to gather more information on Plaintiff, which were not necessary to her security clearance.

32. In or about July 2006 Plaintiff filed an EEO complaint. To date the EEO office has not issued a formal decision. Immediately after filing the EEO complaint Defendant has continued to retaliate against the Plaintiff.

33. In or about August 2006, Plaintiff was discharged from all of her classified duties and was assigned unclassified duties.

34. The unclassified duties did not match Plaintiff's knowledge, experience and education.

35. Defendant denied training to Plaintiff to perform unclassified duties.

36. Plaintiff cannot use these unclassified duties as credits points towards a promotion in federal grade.

37. On or about December 2006, Plaintiff was put on 14 days of suspension for failing to meet with an OPM investigator about issues relating to her clearance.

38. Plaintiff was never given the opportunity to meet with an investigator about issues relating to her clearance when the investigator visited Plaintiff's worksite and met with Mr. Washington, Plaintiff's supervisor, and a co-worker who was not listed as a reference in Plaintiff's security package.

39. On or about May 2005, Plaintiff was injured at work, which was the result of exposing Plaintiff to construction material. Mr. Washington, her direct supervisor, prolonged signing off on the workers compensation claim forms.

40. On or about August and September 2006, after Plaintiff respiratory injury got worst, Plaintiff talked to DOL claims examiner. The examiner informed the Plaintiff that her medical bills have not been forward to DOL.

41. On or about September 12, 2006 Defendant sent Plaintiff an e-mail informing her that her work compensation claim was closed on September 5, 2006. This occurred on the same week that Plaintiff told the examiner that she would send copies of her medical bills so her claim could be processed.

42. After discussing the work compensation claim with Plaintiff the Department of Labor closed Plaintiff's claim. Therefore, Plaintiff needed to submit a form to re-open her injury claim. All of that time Plaintiff was denied the use of worker comp leave.

43. Plaintiff was charged nine hours of leave for the Labor Day holiday. Mr. Washington, Plaintiff's supervisor, instructed Ms. Jones, timekeeper, to charge the Plaintiff 80 hours of sick and annual leave for pay period 20, beginning

September 3, 2006 through September 16, 2006, which included Labor Day holiday.

44. After Plaintiff returned to work from the 14-day suspension, she found a personal action on her desk extending her unclassified duties and exposing her social security number. This document was on her desk for at least two weeks. People who passed by Plaintiff's desk could have seen her social security number.

45. Plaintiff then received a letter regarding her personal data being downloaded to a laptop that was stolen.

46. Only federal security staff is allowed access to an employee's security package. However, Plaintiff's security package including her credit reports was shared with whoever wished to review it. Plaintiff's security clearance was also shared with others outside the security office including her supervisors.

## COUNT I
## Hostile Work Environment based on Race

47. Plaintiff adopts and incorporates by reference all of the allegations set-forth in the paragraphs 1 through 43 as if the same were set-forth in full in this count.

48. Defendant's aforementioned actions were based on Plaintiff's race.

49. Other similarly situated employees not of Plaintiff's race were not subject to these actions.

50. A causal connection exists between Plaintiff's race and the aforementioned actions.

51. Plaintiff was subjected to an objectively and subjectively hostile working environment by Defendant.

52. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's race.

53. That the aforementioned events were severe and pervasive.

54. Defendant's fostering, creating, allowing and perpetrating of a hostile work environment and of other disparate measures regarding Plaintiff's employment were taken and, or, allowed to occur by Defendant in a manner that violates Title VII.

55. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

56. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

A. A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

B. An injunction enjoining Defendant from engaging in such conduct in the future;

C. An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

D An order directing Defendant to pay reasonable attorneys' fees and costs

of this litigation; and

E. Such other and further relief as the Court may deem just.

## COUNT II

### Hostile Work Environment Based on Retaliation

57. Plaintiff adopts and incorporates by reference all of the allegations set-forth in the paragraphs 1 through 43 as if the same were set-forth in full in this count.

58. Defendant's aforementioned actions were based on Plaintiff's filing and prosecuting the aforementioned EEO complaint.

59. A causal connection exists between Plaintiff's filing of the aforementioned EEO complaint and the aforementioned adverse actions taken against her.

60. Plaintiff was subjected to an objectively and subjectively hostile working environment by Defendant.

61. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's EEO activity.

62. That the aforementioned events were severe and, or, pervasive.

63. Defendant's fostering, creating, allowing and perpetrating of a hostile work environment and of other disparate measures regarding Plaintiff's employment were taken and, or, allowed to occur by Defendant in a manner that violates Title VII.

64. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

65. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

A. A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

B. An injunction enjoining Defendant from engaging in such conduct in the future;

C. An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

D. An order directing Defendant to pay reasonable attorneys' fees and costs of this litigation; and

E. Such other and further relief as the Court may deem just.

## COUNT III
### Retaliation

66. Plaintiff adopts and incorporates by reference all of the allegations set-forth in paragraphs 1 through 43 as if same were set-forth in full in this count.

67. Defendant's aforementioned actions were based on Plaintiff's filing and prosecuting the aforementioned EEO claim and for protesting illegal discrimination.

68. A causal connection exists between Plaintiff's filing of the aforementioned EEO complaints, protesting illegal discrimination and the aforementioned adverse actions taken against her.

69. Plaintiff was subjected to adverse employment actions by Defendant.

70. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

71. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, PLAINTIFF PRAYS that she be awarded the following relief:

    A. A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

    B. An injunction enjoining Defendant from engaging in such conduct in the future;

    C. An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

    D. An order directing Defendant to pay reasonable attorneys' fees and costs of this litigation; and

    E. Such other and further relief as the Court may deem just.

## COUNT IV
## Violation of the Privacy Act under 5 U.S.C. § 552a (b).

72. Plaintiff adopts and incorporates by reference all of the allegations set-forth in paragraphs 44 through 47 as if same were set-forth in full in this count.

73. Defendant's intentional and willful disclosure of personal data to persons without the written consent of Plaintiff violated the provisions of the Privacy Act embodied in 5 U.S.C. § 552a (b).

74. As a direct and proximate of Defendant's disclosure of such data, Plaintiff has suffered and continues to suffer low credit rating. Plaintiff also has suffered and continues to suffer distress and emotional pain.

WHEREFORE, Plaintiff respectfully herby prays that this court grant her the follow against Defendant:

A. Enjoin Defendant from continuing to engage in further conduct in violation of Privacy Act.

B. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result Defendant's violation of the law set forth in Count IV of this complaint, but in no event less than $ 1000.

C. Such other and further relief as the Court may deem just.

## COUNT V
### Violation of the Privacy Act 5 U.S.C. §552a (e) (10)

75. Plaintiff adopts and incorporates by reference all of the allegations set-forth in paragraphs 44 through 47 as if same were set-forth in full in this count.

76. Defendant's intentional and willful failure and refusal to establish appropriate administrative, technical and physical safeguards to insure the security and

confidentiality of records pertaining to Plaintiff. This has violated the provisions of the privacy act embodied in 5 U.S.C. §552a (e) (10).

77. As a direct and proximate of Defendant's disclosure of such data, Plaintiff has suffered and continues to suffer low credit rating. Plaintiff also has suffered and continues to suffer distress and emotional pain.

WHEREFORE, Plaintiff respectfully herby prays that this court grant her the follow against Defendant:

A. Enjoin Defendant from continuing to engage in further conduct in violation of Privacy Act.

B. Order Defendant to pay to Plaintiff the damages sustained by Plaintiff as a result Defendant's violation of the law set forth in Count V of this complaint, but in no event less than $1,000.

C. Such other and further relief as the Court may deem just.

Respectfully Submitted,

_____
Michael J. Snider, Esq. MD Bar No. 24695
Ari Taragin, Esq. MD Bar No. 27409
Jeffery Taylor, Esq. MD Bar No. 15528
Jason Weisbrot, Esq. MD Bar No. 28074
Andreas N. Akaras, Of Counsel #46148
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com email

### Request for Jury Trial

Plaintiff requests a trial by jury on all matters properly tried to a jury.

_____
Michael J. Snider, Esq. MD Bar No. 24695
Ari Taragin, Esq. MD Bar No. 27409
Jeffery Taylor, Esq. MD Bar No. 15528
Jason Weisbrot, Esq. MD Bar No. 28074
Andreas N. Akaras, Of Counsel #46148
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com email

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
G. NICOLE HARRISON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery Coun
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Snider and Associates
104 Church Lane
Baltimore MD 21208
410 653-9060

## DEFENDANTS
MARGARET M. SPELLINGS, Secretary:
United States Department of Education

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, as amended: Discrimination and Retaliation. Violation of the Federal Privacy Act, 5 U.S.C. section 552a.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE March 6, 2007   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.