UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G. NICOLE HARRISON         Plaintiff,   v.   MARGARET M. SPELLINGS, Secretary U.S. Department of Education         Defendant. | Civil Action No. 07-0455 (EGS) |

## REPORT PURSUANT TO RULE 16.3

Pursuant to LCvR 16.3, the Parties hereby report to the Court that Counsel for the Defendant conferred with Plaintiff, *Pro se*, on August 9, 2007.  As a consequence of this conference, the Parties hereby report to the Court as follows:

**1. Case Scheduling:**  There are no pending motions.  As noted below, the Parties believe that discovery should be stayed pending a sixty-day period of mediation under the Circuit Executive's Alternative Dispute Resolution (ADR) program.  Should mediation fail, Defendant has concerns about claim and factual overlap between this case and Harrison v. Spellings, Civil Action No. 03-2514 (PLF) (Defendant's Motion for Summary Judgment Granted on March 13, 2007). Specifically, Plaintiff's hostile work environment reprisal claim in this case is non-distinct from the claim asserted in the prior case.  Defendant may seek to resolve these issues by motion before discovery.

Plaintiff does not agree with Defendant's claim of factual overlap between this case and Harrison v Spellngs, Civil Action No. 03-2514.  The numerous chronological reprisal acts reported in the current case were filed in supplementary EEO complaints after the former case was filed in

the U.S. District Court in December 2003. Issues presented in the current EEO complaints were forwarded to the agency for investigation.

  **2. Joinder/Amendment/Narrowing:** The Parties do not anticipate needing to join third parties or to amend the pleadings further. Neither Party believes that the legal or factual issues can be narrowed at this time, other than as discussed in paragraph 1.

  **3. Assignment To Magistrate Judge:** The Plaintiff is open to this case being assigned to a U.S. District Court Magistrate Judge for all purposes. The Defendant does not so consent.

  **4. Settlement Possibility:** The Plaintiff has advised Counsel for the Defendant that she would like to pursue settlement discussions. While Defendant has not fully vetted the question of settlement at this time, Defendant is willing to consider Plaintiff's proposals. Defendant is fully committed to whole-hearted participation in the alternative dispute resolution process, with the goal of reaching a fair and reasonable resolution of this matter after full and candid discussion of the case, and has never communicated any other position.

  Plaintiff does not believe that Defendant is open to settlement discussions. Per Order from the Court, the Court takes seriously the filing of the Meet and Confer Statement. The Statement is one of the essential components of the Court's case management plan, which is designed to ensure that cases are resolved as quickly as possible. If the Defendant is not genuinely on board with settlement discussions, it will be to no avail to pursue mediation through the U.S. Court ADR program. Plaintiff truly believes that if both parties are sincere with attempting a resolution that is reasonable to all involved, mediation will be a constructive avenue. If Defendant is not on board with pursuing candid settlement discussions through mediation, Plaintiff is open to additional forms of alternative dispute resolution available to both parties.

**5. Alternative Dispute Procedures:** The Defendant believes that a sixty-day stay of the case and a referral to the Circuit Executive's ADR program during this stay is appropriate. A stay for a lesser period will not provide sufficient time for the mediation process. Plaintiff's reluctance to devote sufficient time to the mediation process leaves Defendant concerned about Plaintiff's genuine commitment to the mediation process.

In Plaintiff's view, her federal government career has been interrupted and deferred for the last four years. In this case, justice delayed is justice denied. Plaintiff does not agree with a sixty-day stay of the case but proposes a thirty-day stay and a referral to the Court's ADR program during the stay.

**6. Dispositive Motions:** Defendant anticipates the filing of a dispositive motion upon the close of discovery in this case. The Parties suggest that any post-discovery dispositive motions should be filed within 60 days after the close of discovery, that any opposition thereto should be filed within 45 days of the filing of a dispositive motion, and that any replies should be filed within 21 days of the filing of an opposition. Plaintiff believes that a dispositive motion is not justified and plans to oppose such a motion.

**7. Initial Disclosures:** Defendant had proposed dispensing with initial disclosures, but Plaintiff did not consent. The Parties hence propose that initial disclosures, authorized under F.R.Civ.P. 26(a)(1), be served within 30 days of the commencement of discovery.

**8. Discovery:** Defendant makes the following proposal: Discovery shall commence on the first business day of the week following the close of the ADR mediation period in this case or following the date that the Court rules on Defendant's pre-discovery dispositive motion, as appropriate. Defendant believes that a period of 180 days is necessary to complete discovery.

Interrogatories and requests for production of documents, or any other written discovery, should be limited to 25 in number each. The Defendant also believes that the parties should be limited to 10 depositions per side, with each deposition limited to seven hours as set forth in the Fed. R. Civ. P. Defendant believes that Plaintiff's proposed discovery is unreasonable.

Plaintiff does not agree with a 180 day discovery period. Again, in Plaintiff's view, her career has been deferred for four years while seeking resolution to her discrimination and reprisal complaints. Plaintiff believes that 60 days is a reasonable time to complete discovery. Based on the numerous acts of reprisal filed in Plaintiff's case, a limit of 25 will not be sufficient. Plaintiff requests a limit of 75 in number for each. Plaintiff also has a list of 27 deponents to depose; however, Plaintiff agrees with each deposition limited to seven hours.

**9. Experts:** The Defendant proposes that Plaintiff's expert disclosures be served within 45 days after the commencement of discovery, and that Defendant's expert disclosures be served within 45 days after service of Plaintiff's expert disclosures.

Plaintiff requests that both parties' expert disclosures be served concurrently.

**10. Class Action Procedures:** Not applicable.

**11. Bifurcation of Discovery or Trial:** The Parties do not see a need for bifurcation.

**12. Proposed Date For The Pretrial Conference:** The Parties propose that the Court schedule a pretrial date 60 days after Court rules on post-discovery dispositive motions.

**13. Trial Date:** The Parties submit that the Court should schedule a trial date, if necessary, at the pretrial conference.

14. **Other Matters:**  None.

A proposed Scheduling Order incorporating the Parties' suggestions is attached.

Respectfully Submitted,

| | |
|---|---|
| _____/s/   (w/ permission)_____ <br> G. Nicole Harrison <br> P.O. Box 2004 <br> Rockville, MD 20847 <br> (301) 661-8101 <br><br> Plaintiff, *Pro se* <br><br><br> August 27, 2006 | _____/s/_____ <br> JEFFREY A. TAYLOR, D.C. Bar # 498610 <br> United States Attorney <br><br> _____/s/_____ <br> RUDOLPH CONTRERAS, D.C. Bar # 434122 <br> Assistant United States Attorney <br><br> _____/s/_____ <br> OLIVER W. McDANIEL, D.C. Bar #377-360 <br> Assistant United States Attorney <br> Civil Division <br> 555 Fourth Street, N.W. <br> Washington, D.C.   20530 <br> (202) 616-0739 <br><br> Counsel for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G. NICOLE HARRISON | ) |
| | ) |
|       **Plaintiff,** | ) |
|       v. | ) Civil Action No. 07-0455 (EGS) |
| | ) |
| MARGARET M. SPELLINGS, Secretary | ) |
| U.S. Department of Education | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

## PROPOSED SCHEDULING ORDER

Upon consideration of the Parties' competing views of scheduling in this case, the Parties' submissions and the entire record in the case, the Court submits that good cause exists to adopt the following schedule in this matter. So, it is hereby:

ORDERED, that this case is hereby referred to the Circuit Executive's Alternative Dispute Resolution (ADR) program for mediation for a period of sixty [thirty] days, and it is further

ORDERED, that this case shall be stayed for a period of sixty [thirty] days or until the successful resolution of this matter through mediation, whichever is sooner, and it is further

[ORDERED, that should mediation efforts fail, Defendant shall have two weeks from the conclusion of mediation to file a partial dispositive motion addressing the related case of <u>Harrison v. Spellings</u>, Civil Action No. 03-2514 (PLF), and opposition shall be filed two weeks later and reply memoranda ten (10) days thereafter, and it is further]

ORDERED, that Discovery shall commence on the first business day of the week following the close of the ADR mediation period in this case [following the date that the Court rules on Defendant's pre-discovery dispositive motion], and it is further

ORDERED, that the Discovery period shall last 180 [60] days.  Initial disclosures shall be served within 30 days of the commencement of discovery.  Interrogatories and requests for production of documents, or any other written discovery, shall be limited to 25 [75] in number each.  The Parties shall be limited to 10 [30] depositions per side, with each deposition limited to seven hours as set forth in the Fed. R. Civ. P., and it is further

ORDERED, that Plaintiff's expert disclosures shall be served within 45 days after the commencement of discovery, and that Defendant's expert disclosures shall be served within 45 days after service of Plaintiff's expert disclosures [that Plaintiff's and Defendant's expert disclosures be served simultaneously, within 45 days after the commencement of discovery, and it is further

ORDERED, that the Court will schedule the pretrial conference and any trial pursuant to further order of this Court.

Date this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

cc:

Oliver W. McDaniel
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530

G. Nicole Harrison
P.O. Box 2004
Rockville, MD 20847