UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G. NICOLE HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGARET M. SPELLINGS, Secre-<br>tary,<br>U.S. Department of Education,<br><br>    Defendant. | Civil Case No. 07-0455 (EGS)<br><br><u>Next Scheduled Court Date /<br>Deadline:</u><br>Status Conference<br>May 14, 2008, 12:00 p.m. |

**PLAINTIFF'S REVISED UNOPPOSED MOTION
TO CORRECT SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Plaintiff G. Nicole Harrison, by counsel, hereby moves for an amendment to the Court's Scheduling and Magistrate Referral Order, signed on February 1, 2008 (the "Order") for the purpose of correcting the Order so as to accurately reflect an oral ruling of the Court at the pretrial scheduling conference, which also took place on February 1, 2008. At the pretrial conference, the Court ruled that the number of depositions in this case should not be limited at this time. Paragraph 1 of the Order, however, limits each party to 13 depositions. <u>See</u> Order, Paragraph 1, at p. 2. This motion, initially filed on March 10, 2008, has been revised to accurately incorporate language requested by counsel for defendant in agreeing not to oppose the motion. The revised grounds for this motion are

662018v.2

set forth below.

By this action, plaintiff seeks damages and other relief predicated upon claims of race discrimination and retaliation under Title VII. Although plaintiff filed her Complaint on March 8, 2007, following defendants' answer on July 10, 2007 the parties were referred to mediation, and during the fall of 2007 made several efforts to achieve a settlement of plaintiff's claims. Those efforts proved unsuccessful, and as a consequence on February 1, 2008, the Court conducted a pretrial scheduling conference and later that same day issued the Order which, among other things, limited each party to 13 depositions.[1]

At the February 1, 2008 conference, one of the few areas of disagreement between counsel for the opposing parties had to do with the number of depositions. Counsel for defendant asked the Court to apply the presumptive numeric limit for depositions described in Rule 30(a)(2)(A), that is, a 10 deposition limit, while counsel for plaintiff argued that there should be no limit at this time, or alternatively that the limit be significantly higher than 10. After hearing the parties' positions, the Court declined to set a numeric limit on depositions at that time, stating that notwithstanding the age of this case, discovery was only just beginning and it was too early to know whether defendant's proposed limit was proper.

---

[1]    For some reason, the ECF system did not allow counsel to access the Order over the internet, and neither counsel for plaintiff nor counsel for defendant was aware of the provisions of the Order until the Order was physically copied at the Clerk's office and circulated between them several weeks later.

- 2 -

662018v.2

Defense counsel's recollection of this oral ruling by the Court is the same as that of plaintiff's counsel, accordingly this motion is unopposed. Defendant, however, continues to believe that this action should be subject to the presumptive limits set forth in the rules, and expressly reserves her right to challenge any proposed deposition should the need arise.

Plaintiff will order a copy of the conference transcript if required by the Court, but under the circumstances plaintiff respectfully suggests that the expense is not warranted.

WHEREFORE, based on the foregoing, plaintiff respectfully requests that the Scheduling and Magistrate Referral Order, signed and entered on February 1, 2008, be amended to delete the any limitation on the number of depositions that may be conducted by each party. A proposed order is attached.

Dated:        March 11, 2008

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

/s/ Robert N. Kelly

---

Robert N. Kelly, DC Bar No. 287276
1120 20th Street NW, Suite 300-South
Washington, DC   20036
(202) 457-1600
(202) 457-1678 fax
rkelly@jackscamp.com

*Counsel for Plaintiff*

- 3 -

662018v.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 11th day of March, 2008, a copy of

the foregoing Plaintiff's Revised Unopposed Motion to Correct Scheduling Order

was served via the Electronic Court Filing System (ECF) upon the following:

Brian Hudak, Esquire
Assistant United States Attorney
Office of the United States Attorney
for the District of Columbia
Civil Division
555 4th Street, N.W.
Washington, D.C.   20530

/s/ Robert Kelly
_____
Robert N. Kelly

662018v.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G. NICOLE HARRISON, )<br><br>Plaintiff, )<br><br>v. )<br><br>MARGARET M. SPELLINGS, Secretary, )<br>U.S. Department of Education, )<br><br>Defendant. ) | Civil Case No. 07-0455 (EGS)<br><br><u>Next Scheduled Court Date /<br>Deadline:</u><br>Status Conference<br>May 14, 2008, 12:00 p.m. |

**ORDER**

Upon consideration of Plaintiff's Revised Unopposed Motion to Correct

Scheduling Order, and in the absence of opposition thereto, it is this _____

day of March, 2008 hereby

**ORDERED**, that Plaintiff's motion is granted, and further

**ORDERED**, that Paragraph 1 of this Court's Scheduling and Magistrate

Referral Order, signed and entered on February 1, 2008, is modified by deleting

the limitation on the number of depositions that can be taken by the parties.

In keeping with the Court's oral ruling at the pretrial conference on February 1,

2008, no limit on the number of depositions shall be imposed by the Court at

this time.  This shall not abridge either party's right to seek a protective order

pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure in appropriate

circumstances.

- 4 -

662018v.2

**SO ORDERED.**

_____
EMMET G. SULLIVAN
United States District Judge

662018v.2